

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 10, 1995

Honorable Clyde Alexander
Chair
Committee on Transportation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-330

Re: Whether a statutorily mandated sign furnished by a towing company to a parking facility constitutes "anything of value" in contravention of article 6701g-2, V.T.C.S., and a related question (RQ-696)

Dear Representative Alexander:

Your predecessor asked us to interpret the meaning of the phrase "anything of value" as it is used in article 6701g-2, sections 8 and 9, V.T.C.S.

Article 6701g-2 is generally concerned with the towing of unauthorized vehicles from parking facilities. Section 3(a) of the act permits the removal of such vehicles if the parking facility owner has given the vehicle's owner or operator adequate notice, which may include that "a sign or signs prohibiting unauthorized vehicles have been installed on the parking facility for at least 24 consecutive hours and remain installed at the time of towing." V.T.C.S. art. 6701g-2, § 3(a)(1).

Section 6 of the act provides the specifications for such a sign, which *inter alia* must be weather-resistant, at least 18 inches wide and 24 inches tall, and "contain a current telephone number, including the area code, that is answered 24 hours a day to enable the owner or operator of a towed vehicle to locate it." *Id.* § 6(b)(7). It is our understanding that generally the telephone number posted is that of the towing company which has arranged with the parking facility owner to tow unauthorized vehicles from that lot.

Sections 8 and 9 of the act prohibit the towing company from giving, and the parking facility owner from accepting "anything of value, directly or indirectly, from a towing company in connection with the removal of a vehicle from a parking facility." *Id.* § 8. These sections also prohibit parking facilities and towing companies which have such a relation from having a monetary interest in each other.

Ordinarily, your predecessor informed us, the signs mandated by the legislation, which cost approximately twenty dollars, are owned by the towing company whose telephone number is on them. Your predecessor therefore asked two questions: first, whether the giving and/or loaning of such signs by the towing company to the parking facility owner constitutes the offer of "anything of value" under the statute; and second,

whether the parking facility owner or the towing company should bear the cost of installing the signs.

The act does not define "anything of value." We are therefore charged to read these words in accordance with their natural, ordinary, and popular meaning. 67 TEX. JUR. 3D *Statutes* § 100, at 674 (1989). We think it clear that, though the value of such a sign as that at issue here may be small, it is not nonexistent. The statute would plainly prevent a towing company owner from giving the parking lot owner a twenty-dollar bill, or a twenty dollar loan. There is no legal difference between the bill or loan, and the sign. A sign of this sort has a cash value, and is therefore a thing of value for the purposes of the statute.[1]

As to your predecessor's second question, in our view the responsibility for placing the sign at the lot belongs to the lot's owner. Sections 3 and 4 of the act make this clear. Section 3 permits the parking facility owner to cause unauthorized vehicles to be towed if the proper sign is in place. Section 4 allows the towing company to tow unauthorized vehicles away if, *inter alia*, "the towing company has received written verification from the parking facility owner that the . . . owner has . . . caused signs to be installed." V.T.C.S. art. 6701g-2, § 4(a)(1).

The law imposes on the lot owner the obligation of providing notice to vehicle owners or operators by signs that meet its specifications.[2]

---

[1] It has been suggested that the gift or loan of such a sign may not be "in connection with the removal of a vehicle from a parking facility." We decline to read this phrase to refer to particular removals. In our view, it refers to the whole contract between the facility owner and the towing company and the arrangements incident thereto. To read the phrase otherwise would permit the sort of kickbacks the statute was designed to prevent, on the grounds that they did not relate to particular removals. Obviously, this is not what the legislature intended.

[2] In our view, the loan of a sign is as forbidden as the gift of one, since the statute puts the burden of posting the signs on the facility owner. Accordingly, the provision of the signs by the towing company without compensation is a service to the facility owner, and therefore a thing of value.

## S U M M A R Y

A sign of the sort required to be posted at a parking facility by article 6701g-2, V.T.C.S. is a thing of value for the purposes of sections 8 and 9 of that statute. The responsibility for posting such a sign rests, pursuant to sections 3 and 4 of the statute, on the owner of the parking facility concerned, rather than upon the towing company.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James Tourtelott
Assistant Attorney General